HON. F. J. MOSES, CHIEF JUSTICE.
HON. A. J. WILLARD, ASSOCIATE JUSTICE.
HON. J. J. WRIGHT, ASSOCIATE JUSTICE.

---

HEARD APRIL TERM, 1872.

## STATE *vs.* HAMBLIN.

The prisoner was indicted at June Term, 1871, and tried and convicted at February Term, 1872, for stealing a cow above the value of $20. At the Term last mentioned he moved in arrest of judgment, but the motion was denied, and he was sentenced to imprisonment for one year in the Penitentiary at hard labor. On appeal: *Held,* That the sentence was illegal, and judgment was arrested.

After the passage of the Act of 1866, making it a misdemeanor to steal a cow of the value of $20 or under, and before the repeal of the Act of 1789, by the General Statutes, the only law under which the stealing of a cow over the value of $20 was punishable was the Act last mentioned.

An indictment charging that the prisoner did steal, take and carry away one cow, &c., of the value of $50, &c., contrary to the form of the statute, &c., was good under the Act of 1789.*

The punishment, under the Act of 1789, for stealing a cow, was a fine of £10, or, if unable to pay, then whipping: *Held,* That the punishment, after whipping was abolished, was the fine.

BEFORE ORR, J., AT ABBEVILLE, FEBRUARY TERM, 1872.

This was an indictment for cow stealing. The indictment charged: " That Jeptha R. Hamblin and George Speer, on the first day of February, in the year of our Lord one thousand eight hundred and

seventy-one, with force and arms, at Abbeville Court House, in the County of Abbeville and State aforesaid, one cow, of the value of fifty dollars, of the proper goods and chattels of Edward Roche, then and there being found, feloniously did steal, take and carry away, contrary to the form of the statute of this State, in such case made and provided, and against the peace and dignity of the State aforesaid."

At June Term, 1871, the bill was given out and found by the grand jury. At February Term, 1872, the prisoners were tried and found guilty. Hamblin moved in arrest of judgment, on the grounds:

1. Because the stealing of a cow, or any other " domesticated animal," in South Carolina, is a statutory offense, not indictable at common law.

2. Because the offense of *cow stealing*, as defined by the Acts of Assembly of 1789 and 1866, with distinct and substantive penalties affixed, is not grand larceny by the terms or within the meaning and intent of either of said Acts.

3. Because, under the verdict of the jury finding the defendant guilty of *grand larceny* under an indictment setting out in terms the offense of cow stealing, the Court cannot pass sentence at all.

The motion was overruled, and the following sentence pronounced: " Let the prisoner, Jeptha R. Hamblin, be imprisoned for one year in the Penitentiary at hard labor."

The prisoner, Hamblin, appealed, and now moved this Court in arrest of judgment, on the same grounds taken in the Court below.

*Perrin & Cothran*, for appellants, cited Act 1789, 5 Stat., 139; Act 1866, 13 Stat., 407; 1 Bl. Com., 89; 4 Bl. Com., 94, 98; 14 Rich., 176; Gen. Stat., 728, 700.

*Perry*, Solicitor, contra.

Nov. 26, 1872. The opinion of the Court was delivered by

WRIGHT, A. J. The indictment charges a statutory offense, and, to that end, is in perfect conformity with the established precedents.

At the time of the conviction and sentence the only statute of force in this State prescribing a punishment for the stealing of a cow over the value of twenty dollars, thereby changing the offense from larceny at common law, was that of 1789, 5 Stat., 139. It

was repealed by the Act of 1866, 13 Stat., 407, so far as its provisions were inconsistent with those of the latter, and, therefore, where the charge was the stealing of a domesticated animal below the value of twenty dollars, the offense was only a misdemeanor, punishable as prescribed by the Act.—*State* vs. *Thomas,* 14 Rich., 164. The Act of 1789, so far as it concerned the stealing of a cow over the said value, stood unrepealed. The fact of its repeal since, by the Act of 1872, General Statutes, could not exonerate the defendant from punishment under that of 1789, for, independent of its provisions, 6th Section, page 700, " that it shall not affect any suit or prosecution pending at the time of the repeal for an offense committed under the Act repealed," judgment having been pronounced before the repeal, the penalties of a law, though repealed, may still be enforced.—*State* vs. *Addington,* 2 Bail., 516.

The punishment under the Act of 1789 subjected the offender to a fine or penalty of £10 for each and every cow for the stealing of which he may be convicted, and in case such offender is not able to pay such fine or penalty, to be publicly whipped and personally receive not exceeding thirty-nine lashes. Punishment of crimes and offenses by whipping is abolished, (Act No. 41, 14 St. 87–160,) and, therefore, in case of the inability of the offender to pay the £10, he cannot be subjected to the corporal infliction. The punishment, it would seem, by the terms of the Act of 1789, was not an alternative one submitted to the preference either of the Court or the offender. The punishment was the fine, and it was only in the event of want of ability to meet it that the party convicted, in the words of the Act, " shall be subject to be publickly whipped." If, therefore, he is not able to respond to the fine, he cannot be held liable to the corporal punishment provided in the place of its payment. We have not been favored with any report from the presiding Judge, but we are to infer that his sentence " to hard labor in the Penitentiary for one year," was on the assumption that the offense with which the defendant was charged, and for which the conviction followed, was for grand larceny at common law. In this he was mistaken, for the Act of 1789, so far as it relates to the stealing of cows above the value of twenty dollars, was at the time in full force.

The motion in arrest of judgment is granted.

*Willard,* A. J., concurred. *Moses,* C. J., absent at the hearing, but concurred in the ruling.